UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Bill Patt and Jason George and their successors as Trustees of the Operating Engineers Local #49 Health and Welfare Fund, Michael Crabtree and his successors as a Fiduciary of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, Eric Gulland and his successors as Trustee of the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program, the Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program,<br><br>    Plaintiffs,<br><br>vs.<br><br>Tull Crane & Rigging, LLC,<br><br>    Defendant. | Case No.: 19-CV-1548 (SRN/HB)<br><br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR <u>ENTRY OF JUDGMENT</u>** |

This matter came on for hearing before the undersigned on October 4, 2019 on Plaintiffs' Motion for Entry of Judgment. Christy E. Lawrie of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

1

## **FINDINGS OF FACT**

1. The Summons and Complaint were filed with the Court on June 12, 2019. (Court Docket No. 1).

2. The Summons and Complaint was served on Tull Crane & Rigging ("Tull Crane") on June 20, 2019. (Court Docket No. 5).

3. Tull Crane failed to file and serve a response or Answer to the Summons and Complaint. Accordingly, the Clerk entered default on July 17, 2019. (Court Docket Nos. 6, 9).

4. Tull Crane was served with this motion, memorandum in support of the motion, supporting documents, and notice of hearing on August 8, 2019. (Court Docket Nos. 15, 16).

5. Plaintiffs are Trustees and Fiduciaries of the Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program ("Funds").

6. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA").

7. The Funds are exempt from federal taxation pursuant to the Internal Revenue Code.

8. Tull Crane is bound to two collective bargaining agreements ("CBAS"). The first CBA was negotiated between the Builders Division of the Associated General

Contractors of Minnesota and the International Union of Operating Engineers, Local 49, covering the period of May 1, 2016 through April 30, 2019. The second CBA was negotiated between the South Dakota East River Builders and the International Union of Operating Engineers, Local 49, covering the period of September 3, 2015 through August 31, 2018.

9. The CBAs incorporate by reference the terms of the Welfare Trust Agreement and the Trust Agreement for the Central Pension Fund of the International Union of Operating Engineers and Participating Employers.

10. The CBAs and Trust Agreements require Tull Crane to make monthly contributions to the Funds, not later than the fifteenth day of the following month, in an amount set forth in the CBAs for each hour worked by its employees covered by the CBAs.

11. The CBAs and Trust Agreements further require Tull Crane to calculate the contributions due and owing to the Funds in any given month on a report form which must be submitted to the Funds with Tull Crane's monthly contribution payment.

12. The CBAs and Trust Agreements state that an employer shall be considered delinquent for a particular month if the required remittance report and payment are not postmarked on or before the fifteenth day of the following month.

13. The CBAs and Trust Agreements permit the Funds or their authorized agents to examine employer's payroll and employment records whenever such examination is deemed necessary by the Funds or their authorized agents in connection with the proper administration of the Funds.

14. And the CBAs and Trust Agreements require Tull Crane to promptly furnish

to the Funds or their authorized agents, on demand, all necessary employment and payroll records relating to their employees covered by the CBAs for examination whenever such examination is deemed necessary by the Funds or their authorized agents.

15. Accordingly, the CBAs and Trust Agreements also require Tull Crane to maintain adequate records to identify the type of work being performed by its employees to allow the Funds to determine whether Tull Crane is accurately reporting hours to the Funds including contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date, *i.e.*, the information typically maintained on timecards.

16. The Funds' auditor requested that Tull Crane produce a complete set of its payroll and employment records for the period of July 1, 2016 through September 30, 2018 ("Audit Period").

17. Tull Crane produced its payroll and employment records for the Audit Period and the Funds' auditor determined there were hours worked by Tull Crane's employees covered by the CBAs for which Tull Crane did not submit the required contributions to the Funds. Specifically, the Funds' auditor determined that $18,209.94 is due and owing for delinquent contributions for the Audit Period.

18. Tull Crane breached the terms of the CBAs and Trust Agreements by failing to pay the total amount due for delinquent contributions for the Audit Period.

19. The CBAs state that if an employer becomes delinquent, the employer shall be required to pay as liquidated damages an amount equal to 15 percent of the payment otherwise due.

20. Liquidated damages in the amount of $2,731.49 are due and owing for the Audit Period.

21. The CBAs state that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts due.

22. The Funds incurred attorneys' fees and costs in the amount of $1,462.15 pursuing this delinquency.

## **CONCLUSIONS OF LAW**

1. Defendant Tull Crane & Rigging, LLC is in default and the Funds are entitled to entry of a default judgment.

2. Defendant Tull Crane & Rigging, LLC. is liable to the Funds in the amount of $20,941.43 for delinquent contributions and liquidated damages.

3. Defendant Tull Crane & Rigging, LLC is liable to the Funds in the amount of $1,462.15 for the Funds' reasonable attorneys' fees and costs.

## **ORDER**

Based on the foregoing, and on all the files, records, and proceedings, herein IT IS ORDERED THAT:

1. Plaintiffs' Motion for Entry of Judgment [Doc. No. 10] is GRANTED.

2. That judgment in the amount of $22,403.58 be entered against Defendant Tull Crane & Rigging, LLC and in favor of the Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: October 4, 2019                s/Susan Richard Nelson
                                      Susan Richard Nelson
                                      United States District Judge